hSAUNDERS, J.,
dissenting.
Due to the serious and extreme nature of the termination of parental rights and in light of the progress shown by the child's mother, I would not terminate parental rights. Accordingly, I respectfully dissent from the majority’s opinion.
Under Article 1015(5) of the Children’s Code, one element that must be proved for the termination of parental rights is the unlikelihood of a reasonable expectation of improvement in the parent’s conduct or condition in the near future. La.Ch.Code art 1015(5). A reasonable expectation of improvement or reformation “... is found to exist if the parent has cooperated with the state officials and has shown improvement, although all of the problems that exist have not been eliminated.” In re S.M.W., 00-308, p. 21 (La.App. 3 Cir. 8/9/00); 771 So.2d 160, 173.
A review of the record indicates that, although V.R. continues to struggle with alcohol addiction, she has made some improvement. V.R. has successfully completed a 28 day treatment program, has found a job, has attended some of her AA meetings, and has completed anger management classes. V.R. has also ended her traumatic and sometimes violent relationship with her ex-husband. Furthermore, the State’s own psychologist, indicated that these actions were positive steps toward maintaining her sobriety.
The record indicates that V.R. is not a perfect parent, but it does show a parent progressing step by step in the right direction towards providing a suitable environment for her children. Accordingly, I find that the state has not proven the | ^unlikelihood of a reasonable expectation of improvement in V.R.’s conduct or condition. Thus, I would reverse the finding of the trial court.